**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LISA YOUNGBLOOD,

     Plaintiff,

                                      Case No. 3:25-cv-1382-TJC-PDB

v.

TOTAL RENAL CARE, INC.,

     Defendant.

---

## O R D E R

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006). On November 13, 2025, Defendant Total Renal Care, Inc., removed this case to federal court based on diversity jurisdiction. (Doc. 1). Under 28 U.S.C. § 1332(a), a district court's proper exercise of diversity jurisdiction requires that parties have complete diversity of citizenship and that the amount in controversy exceeds $75,000.00. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410–12 (11th Cir. 1999).

Here, the notice of removal alleges that the parties are citizens of different states—Plaintiff is a citizen of Florida, and Defendant Total Renal Care, Inc. is a citizen of California and Colorado. (Doc. 1 ¶ 3). The diversity of citizenship

requirement is therefore satisfied. Whether the amount in controversy requirement has been satisfied is less clear.

When a case is removed to federal court, it is the defendant's burden to demonstrate that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, when a removing party relies on a state civil cover sheet as evidence of the amount in controversy, and the plaintiff asserts conclusory allegations typical of personal injury complaints, the defendant must point to some additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy. See Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381, at *3 (M.D. Fla. March 25, 2024). Typically, such evidence includes items like demand letters, medical bills, responses to requests for admission, or other similar documentation. Id.

Here, the state court complaint does not allege an amount in controversy, except to state that Plaintiff's damages exceed $50,000.00, exclusive of costs, interest, and attorneys' fees, and to vaguely describe her injuries. (Doc. 1-1 at 1–2). Defendant's notice of removal states that the amount in controversy is satisfied, but the only support provided for that statement is Plaintiff's complaint alleging damages over $50,000.00, and that Plaintiff indicated on the Florida civil cover sheet that the estimated amount of her claim exceeds $100,000.00. (Doc. 1-4). Consequently, Defendant failed to show by a

2

preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Martinez-Lopez, 2024 WL 1252381 at *3. The Court requires more information before it can determine whether it has jurisdiction over the case.

Accordingly, it is hereby

**ORDERED:**

No later than December 5, 2025, Defendant Total Renal Care, Inc. shall file a jurisdictional supplement. If Defendant chooses not to do so, the case will be remanded sua sponte.

**DONE AND ORDERED** in Jacksonville, Florida the 17th day of November, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

3